Martin, J.
delivered the opinion of the court- ^ does not appear that the act of 1817’ deprives the applicant of any right which he had to avoid imprisonment by a sur-render of his property. It is true, he is pre-chided from claiming any benefit of this act, by its 39th section; as he has not a year’s residence in the state. But we cannot conclude, that from the sole declaration of the legislature (that persons, who have not resided one year in the state are not to enjoy the benefits of this act) they are to be considered as deprived of a right which another act gives them.
The. act has no repealing clause. It provides in the first section, that every individual, hot yet imprisoned for debt, may avoid imprisonment, by surrendering all his estate; provided the surrender be made bma fide and without fraud, agreeably to the formalities prescribed by this act.
The second section, and the following, detail the formalities which every one who shall wish to avail himself of the benefits of this act is to follow, and the nature of the *31 relief which a compliance .with these formalities will give him a right to. \
* It is -foreign to the question before us, , .... whether a person, whose residence entitles him to avail himself of the benefit of the new act, is deprived by it from claiming the like benefit (or one of a similar nature) which the new act presents, if he had before, any other legal mode of acquiring it. But admitting, that as to such a person, the former law is repealed by implication, because the act of 1817, and the one which provided the like relief before, cannot stand together; it does not follow, that a person who, for want of residence, cannot avail himself of the new mode of relief, who is mentioned in the act, or the only part of it which declares this incapacity, is necessarily to be considered as bereft of the right which he had before to the former mode of relief, under another act.
* Admitting that it is inconsistent, that persons who have the residence required, should avail themselves of the former act, and so it cannot stand with the latter as to them, which consequently repeals it; the same conclusion does not follow as to those, whose want of residence incapacitates them from availing *32 themselves of the new law, which, in oür view of the question, cannot as to them, affect the old one.
Duncan for the plaintiff Livermore for the defendants.
If a statute declares, that larceny shall be punished by thirty cfr more lashes, and another be made, declaring that the punishment of larceny shall be five-and-twenty lashes, the former is repealed: for both cannot stand together; but if, by a clause of the latter, slaves are declared not to be within it, surely the former statute, though repealed as to free persons, will remain in force as to slaves.
It is therefore ordered, adjudged and decreed, that the judgment ought to be annulled, avoided and reversed, and the case remanded, with directions to the judge to proceed according to law.